UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| CHAD WINDHAM MITCHELL, | Case No. 3:22-cv-00159-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CARSON CITY SHERIFF'S OFFICE, *et al.*, | |
| Defendants. | |

On June 10, 2022, the Court issued a screening order dismissing *pro se* Plaintiff Chad Mitchell's complaint in its entirety and granting him 30 days to file an amended complaint. (ECF No. 3 at 10.) On June 28, 2022, the Court granted in part Mitchell's motion for an extension of time, giving him until August 12, 2022, to file an amended complaint. (ECF No. 6.)

On July 25, 2022, Mitchell submitted a "request for declaratory or injunctive order." (ECF No. 7.) In this filing, Mitchell alleges the Carson City Sheriff's Office has hindered his access to the courts by, among other things, refusing to provide Mitchell with copies of various legal documents. (*Id.* at 1-2.) Mitchell therefore request this Court to "compel" the Carson City Sheriff's Office to provide him with: (1) the Court's local rules and the Federal Rules of Civil Procedure, (2) "legal copies if/as needed . . . on an indigent debit allowance," (3) "caselaw . . . or other pertinent legal matter" as requested by Mitchell, (4) "certified and/or return service [ ] mailing," and (5) copies of various documents stored on the "Cobra Resident Kiosk." (*Id.* at 2-3.)

The Court construes Mitchell's request as a motion for a preliminary injunction. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Moreover, under the Prison Litigation Reform Act, preliminary injunctive relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The Court denies without prejudice Mitchell's construed motion for a preliminary injunction. As noted above, the Court dismissed Mitchell's complaint in its entirety on June 10, 2022, and Mitchell has not filed an amended complaint. Because there is no operative complaint in this action, Mitchell has not shown that "he is likely to succeed on the merits." *Am. Trucking Ass'ns, Inc.*, 559 F.3d at 1052; *see also Johnson v. Ruiz*, Case No. 20-cv-0291, 2020 WL 2112132, at *1 (E.D. Cal. May 4, 2020) (denying motion for preliminary injunction because "there is no operative complaint and thus, plaintiff has not and cannot demonstrate that there is at least a fair chance of success on the merits of any claim"), *adopted by* 2020 WL 5413237 (E.D. Cal. Sept. 9, 2020). Accordingly, there is no basis to order preliminary injunctive relief at this time.

Mitchell appears to contend that the "restrictions" described in his filing have interfered with his efforts to prepare an amended complaint. (ECF No. 7 at 1, 4.) In its screening order, the Court outlined the legal standards governing Mitchell's claims and explained the deficiencies in his allegations. (ECF No. 3 at 4-8.) The Court also provided Mitchell with the approved form and instructions for filing a 42 U.S.C. § 1983 complaint. (*Id.* at 10.) If Mitchell is confused about what he must include in an amended complaint, he should refer to the screening order and the other materials he received from the Court.

To ensure Mitchell has an adequate opportunity to prepare an amended complaint, the Court will grant Mitchell a second extension to file his amended complaint. Mitchell will file the amended complaint on or before September 12, 2022. If Mitchell chooses not to file an amended complaint, this action will be subject to dismissal without prejudice.

It is therefore ordered that Plaintiff Chad Mitchell's construed motion for a preliminary injunction (ECF No. 7) is denied without prejudice.

It is further ordered that Mitchell will file his amended complaint on or before September 12, 2022. If Mitchell fails to timely file his amended complaint, this action may be dismissed without prejudice.

DATED THIS 27th Day of July 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE