Chad Windham Mitchell #2214689
Name and Inmate Booking Number

Washoe County Jail
Place of Confinement

911 Parr Blvd
Mailing Address

Reno, NV, 89512
City, State, Zip Code

_Filed _Received _Entered _Served On
Counsel/Parties of Record

FEB 2 7 2023

Clerk US District Court
District of Nevada

By: _____ Deputy

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CHAD WINDHAM MITCHELL ,
                                    Plaintiff

vs.

(1) DETENTION CAPTAIN MAYS ,

(2) DETENTION SERGEANT RIVERA ,

(3) DETENTION SERGEANT BINDLEY ,

(4) JOHN DOE COMMISSARY EMPLOYEE ,

(5) _____ ,
                                    Defendant(s).

Case No. 3:22-cv-00159-MMD-CSD
(To be supplied by Clerk of Court)

## CIVIL RIGHTS COMPLAINT
## BY AN INMATE

☐ Original Complaint

☐ First Amended Complaint

☒ Second Amended Complaint

☒ Jury Trial Demanded

### A.    JURISDICTION

1)     This Court has jurisdiction over this action pursuant to:

        ☒ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

        ☐ Other: _____

2)     Institution/city where Plaintiff currently resides: Washoe County Jail , Reno

3)     Institution/city where violation(s) occurred: Carson City Jail , Carson City

**B.    DEFENDANTS**

1.  Name of first Defendant: _MAYS_____. The first Defendant is employed as:
_DETENTION CAPTAIN_____ at _CARSON CITY JAIL_____.
        (Position of Title)                                    (Institution)

2.  Name of second Defendant: _RIVERA_____. The second Defendant is employed as:
_DETENTION SERGEANT_____ at _CARSON CITY JAIL_____.
        (Position of Title)                                    (Institution)

3.  Name of third Defendant: _BINDLEY_____. The third Defendant is employed as:
_DETENTION SERGEANT____ at _CARSON CITY JAIL_____.
        (Position of Title)                                    (Institution)

4.  Name of fourth Defendant: _JOHN DOE_____. The fourth Defendant is employed as:
_ACCOUNTING/COMMISSARY EMPLOYEE_ at _CARSON CITY JAIL____.
        (Position of Title)                                    (Institution)

5.  Name of fifth Defendant: _____. The fifth Defendant is employed as:
_____ at _____.
        (Position of Title)                                    (Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.    NATURE OF THE CASE**

Briefly state the background of your case.

While in custody of Carson City Jail (from 7/8/2021 to 12/27/2022)
I was subjected to numerous actions denying me constitutional
protections: specifically Fourteenth and First amendment impacts
Through the named defendants, the enforced policies and
procedures restricted me from accessing the courts, forced undue
restrictions on me as an indigent inmate, and retaliated for
my actions against the jail to gain my protected rights. Not
being provided any assistance to prepare petitions was made
worse by refusing other affirmative obligations which I needed.

## D.    CAUSE(S) OF ACTION

### CLAIM 1

1. State the constitutional or other federal civil right that was violated: *Deprivation of my Fourteenth Amendment — Right of Access to the Courts.*

2. **Claim 1**.   Identify the issue involved.   Check **only one**.   State additional issues in separate claims.

    ☐ Basic necessities              ☐ Medical care                 ☐ Mail

    ☐ Disciplinary proceedings   ☐ Exercise of religion       ☐ Property

    ☒ Access to the court           ☐ Excessive force by officer  ☐ Retaliation

    ☐ Threat to safety              ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: *8/29/2021 — 12/8/2022*

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 1.   Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

*COUNT ONE*

*1.) Detention Captain Mays is subject to my claims under "Supervisory Liability" because he is ultimately responsible for enforcing the practices (policies and procedures) outlined inside the Carson City Sheriffs Office (c.c.s.o.) jail handbook. This is shown in the Cobra Kiosk Request #115604 and #115043 stating (from commissary); "I was informed by my Captain this is not something we can do." (In response to the process of releasing funds to pay fees for legal.) He has personally participated in the violations of my right of access, at least. Being the highest administrator in the "chain of command" and denying the commissary to issue "C.C.S.O. inmate envelopes" (indigent postage) for adequate allowance for "proof of service" required by Courts' rules for any filing is negligent. This results in being denied the needed court order to gain access to secure mailing and communications (in a facility with no legal mail log), indigent legal supplies, or even legal copies to enable providing exhibits of support (or show exhaustion proof as required by P.L.R.A.) for the Courts. Without the ability to provide "information for the court to understand the matter set forth", I am denied even a petition for writ relief including*

3

Count One continued, page 3-A

Habeas Corpus papers. Further, by denying my ability to pay 'fees for legal', it restricts me from obtaining court filings as copies are not provided under 'In Forma Pauperis' so I have no exhibits or 'record' to supply (when needed) for any filing with constitutional impact.

2.)    Captain Mays is, or should be, aware that his policies and procedures impair and obstruct or deny rights of access to an indigent inmate. I failed a Writ of Habeas Corpus (First Judicial Court (F.J.D.C.) #22 OC 00060 1B and/or #22 EW 003418) which was directly related to 'conditions of confinement': 1) denial of legal materials, 2) tampering and interception of "legal mail", 3) denial of legal research, 4) as well as exposure to other inmates 'biohazard fluids', and 5) failure to provide for covid protocols, and 6) adequate cleaning and sanitation within the facility. As a result of no access to legal (as an affirmative obligation) my own health and safety was denied. Actual Injury is shown in multiple points: 1.) without secure mailing my Habeas Corpus was not filed on June 26, 2022 but held and delayed filing until August 25, 2022 under a manipulated case number. 2) I was unable to provide "proof of service" for a 'request for submission' document (because of only 1 indigent envelope allowed and I could not produce copies of an attachment for the Habeas Corpus #22OC000601B) and it was denied July 22, 2022. 3) Without access to legal research, I was unable to prosecute the filing effectively with support of "points and authorities"

3 — A

Count One Continued, page 3-B

as the First Judicial Court showed no consideration
of the jails denials of research materials as requested.
I suffered prejudice to my ability to present my
claims to that Court. The rules in place and enforced
by the jail through Captain Mays (and others) enable
the Court attached to it to deny actions by a prisoner
which then sheild the jail and officers from responsibilty
for other conditions within the jail. How can I make
any claim if he fails to perform an act he (the facility,
housing sergeants, or commissary employees) should, and
fails to provide me adequate postage for legal
communications to the Courts. After "discovery" is performed
on both Kiosk records between 10/4/2022 and 12/27/2022, as well as
statements and emails from "John Doe" and SGT. Rivera, the acts
denying me access to the courts and of retaliations will be shown
that Captain Mays had a direct knowledge of the occurences.
I'm preparing subpeona papers to compel the needed
information relating to "employee designation numbers" as
well as other documents to support my allegations.
Count Two:

3.)   After my arrival at Carson City Jail (Booking date 7/8/2021)
I began trying to establish communication with the Washoe
County Public Defender's Office in Reno to reach my public
defender in a separate case (Second Judicial Court # CR 18-2118)
to have him file a Writ of Habeas Corpus that I had provided
him prior to my being booked into Carson City Jail (proof
of this is inside that offices case file). That Habeas Corpus

3 - B

Count Two Continued, page 3-C

was based on violations of Due Process under Fifth, Sixth, and Fourteenth Amendments. In that case (CR18-2118), a detective (Barba) deployed an informant (#2016-053) who provided all the drugs (associated to that case) to me to be charged with by that detective in his case. The Habeas Corpus contained both controlling and persuasive case law citings (Olmstead v. U.S., 72 LED 944, 277 U.S. 438/ Sherman v. U.S., 78 S.Ct. 819 (1958) / Raley v. Ohio, 79 S.Ct. 1257/ U.S. v. Chisum, 312 F. Supp 1307 (9th Cir, 1971) / Froggott v. State, 467 P. 2d 1011) as well as evidence of the activities in the form of screenshots of texts from the informant to me stating that I was "being given 3 ounces of meth and I would be owed more still". That case is based on those drugs. The results of denials for legal postage both bought and indigent is an act of obstruction of attorney/client communication. Because of those denials by Captain Mays and 'John Doe' I was unable to get that Habeas filed and ending up with the Washoe Public Defenders being fired.

Count Three:

4.) On 8/29/2021 (see Cobra kiosk inmate request #107486), I expressed specific legal need and sought options of the facility. Housing Sergeant Rivera replied with "buy on commissary" and "the jail is not your legal team". In that request I was not asking the jail staff to process any legal filings — I only asked for envelopes (postage) for legal communications. So in an attempt to conform

3 - C

Count Three continued, page 3-D

to 'chain of command' instruction, I sent a request to commissary (on 9/1/2021 - #107612) citing "Legal Mail" postage. I was told "not through commissary". SGT. Rivera and 'John Doe' restricted my access to my counsel which kept me from instructing him to deploy the Writ of Habeas Corpus.

Count Four:

5.)  On 9/9/2021, I was out of the 'male general' housing unit at a court related proceeding under custody when the 'legal' postage, envelopes, pens, etc., which was ordered through commissary was delivered. (The common practice of the jail - if the person is "out to court", his canteen is brought to him after lunch service so there is no re-stocking or denial of delivery for being out to court.) While I was at the proceeding I notified my lawyer I was suffering symptoms of covid-19, where upon return to jail Captain Mays accused me of "acting sick" (though I'd requested a "rapid test" and treatment for covid two days in a row prior to this (kiosk #107978) instance) and had Deputy Locatelli place me in the disciplinary unit for isolation. At my first access to the inmate kiosk o 9/11/2021, I filed a grievance (#108117) which was responded to by SGT. Rivera (I was asking for my legal materials, isolation only for medical, etc.) saying "sent to commissary", but no action resulted. On 9/12/2021 I sent two separate requests to commissary to inform "medical isolation only" and am in need of legal mailing stationary items (my expense),

3-D

Count Four continued, page 3-E

with the same response to both (by 'John Doe' - NO SPECIAL DELIVERIES), leading to another week of delay. (This is medical, no disciplinary write up or rule violation) I told my lawyer I was sick - "don't get too close", and I'm denied my legal needs. I was seeking legal communications. At my next hour out I filed a grievance (#108218), on 9/13/2021, citing previous delay and being denied legal contact. SGT. Rivera now asks "how am I being denied contact" (No attempt at resolution.) In an attempt to point out the specific impacts of staff and facility policy I filed a grievance (#108219) declaring the refusal of postage and envelope, unable to file my own motions (Motion To Quash and Motion To Fire Counsel) in the Courts, or just contact the Courts, "that these actions are a violation of my rights to legal," and to "reconsider on legal grounds" now moving forward 'Pro Per' - my own counsel. The response by SGT Rivera tells me "I'm not being refused" (yet at 3 weeks I'm still unable to mail out any legal papers), the jail is under "no obligation", and I'm welcome to write correspondence. (But that is Ex Parte communications — see Return Notice (Second Judicial Court - #CR18-2118 - 9/23/2021) But by their own actions I've not been allowed to receive envelopes, postage, or any pen, paper, or postcards. Then Rivera tells me that since I'm "threatening staff and making allegations" from that point I will be "ignored and returned" to me while emphasizing again, "the jail is not my legal team". (There were no threats and I'm being refused grievance process from "that point.") Every staff member is telling me I'm not being denied

3-E

Count Four continued, page 3-F
(see #108285) including another sergeant (SGT Hitch) and now
I'm being "ignored and returned" via response to grievance
(#108285) just like Rivera said.

Count Five:

6.) While I do understand the focus of "Access to the Courts"
is limited to direct appeals, habeas Corpus, and 1983 actions,
there is no support to begin a filing of any kind through the
C.C.S.O. jail facility. The policies enforced through the named
defendants, or independant actions by same, do not allow any
access to legal preparations without a court order. The 'court
order' sought in case # 22 OC 00060 1B-F,J.D.C. filed 5/11/2022)
should not be considered a frivolous filing. This was a filing
required by the facility (see inmate handbook, page 7, under 'postal
service') to gain access (legal) but refused because of restrictions
of the facility that requires it to be obtained. Which the defendants
enforce. I have been denied Habeas Corpus (directly) for not
having the 'Court Order' because of facility restrictions but also
the 'following: 1) It is required by the jail rules for legal required
services as; copies, excess postage, notary, or packaging (10x13
envelopes), 2) I was not allowed to "obtain any legal research
material through my counsel" (as the jail states would be allowed)
and research is absolutely denied through the jail. (see Cobra kiosk
#119540 - requesting access to (www.leg.state.nv.us) legal
research or "adequate assistance" for legal — which was 'returned
and ignored' as a response. see also #123998 - seeking legal
access and responded to by SGT. Bindley "we are not allowed to
give access to inmates"), 3) I was not allowed recognition
3-F

Count Five continued, page 3-G
of 'Pro Per / Pro Se' without the order being sought. The
requested Court Order was not frivolous based on it
was sought in response to violations of "legal mail." On
4/1/2022 I mailed out an indigent issued letter size
envelope to the Second Judicial Court. It was clearly
marked "legal mail" (on front and back) and searched,
scanned by officer, and sealed by me. On 4/4/2022,
I was called to "booking area" by SGT Rivera to receive
legal mail. One of the pieces was an envelope from
Carson City Sheriffs Office. When I opened this envelope it
contained my confidetial legal mail from inside the 4/1/2022
outgoing mail to the Courts. This being at least a freedom of
speech violation against me. So in the sought Court Order I
also requested preservation of the video footage relating
to this legal mail violation. I was seeking access to the Courts
fir remedy for a violation of constitutional right as well as
state, statutes (without preparation access I can not cite the
specific Nevada Revised Statutes) as a result of my legal mail
being opened, manipulated, and denied mailing to the Courts.
Everything in that sought court order was needed to access
the Court. (The jail refused grievance resolution [see #116395).
① Without adequate postage and secure mailing I could not
reach the Court which is exampled. ② Without legal research I
could not efficiently plead my case or cite statutes. ③ Without
"legal copies" I could not adhere to rules of filing requiring
supporting exhibits and appendixes (State Courts). Most import-
antly I could not show the First Amendment violation to

3-G

Count Five continued, page 3-H

any Court without copies of the envelopes, contents, etc..

④ I could not show 'proof of exhaustion' as required by
P.L.R.A. without legal copies. That sought Court Order was
directly related to a multiple count complaint against C.C.S.O.
for tampering and obstruction of legal mail — held as un-
filed by F.J.D.C. clerks on 11/18/2022 - and for constitutional
claims, as well as the Habeas Corpus filing in the same
case. The Court order request was denied 'request
for submission' for failure to provide "proof of service"
(John Doe denial of more than one ① indigent legal mailing
envelope, and no copies for legal by jail) on 5/13/2022, and
ultimately denied for failure to state claim (no access to
legal research/caselaw) and failure to provide 'proof of
exhausted remedies (no ability because no copies allowed),
F.J.D.C. #22 oc 0006018 - 9/29/2022.

Count Six:

7.)   On 6/27/2022, I attempted to file a Habeas Corpus
paper with F.J.D.C. case# 22 oc 0006018. It was sent out in
"legal mail" (see kiosk #120107). This Habeas Corpus was based on
'conditions of confinement', 1) Restrictions to legal access (see
page2, line 1-10 also page 3, line 13 through page 4, line 12 of
that document — see other case# 22 EW 0003418 F.J.D.C., filed
8/25/2022-same document). 2) Failure to provide for covid-19
protocols (see page6, line 1-24 of document also page 7, line 18
through 24 also). 3) Medical/Health and Safety (see page 7, line
27 through page 9, line 12 — documenting exposure to numerous
inmates 'biohazard' fluids through un clean/un sanitized

3-H

Count Six continued, page 3 - I

hair cutting / shaving clippers). 4) 'Legal mail' violations as,
well as other issues. I signed and mailed that document
on 6/26/2022 under case # 22 OC 00006018. On 6/29/2022, I
signed and mailed a 'Declaration of Emergency'; Request
for Submission for the Writ of Habeas Corpus (filed 7/6/2022)
under same case #. The Court issued an Order Denying
Request for Submission (filed 7/22/2022 - under same case #)
because of no 'proof of service'. (NOTE TO THIS COURT; I will
not find out until after 8/26/2022 via a letter from court
clerk (F.J.D.C.) that my Habeas Corpus was not filed until
8/25/2022 and under a case # applied by the clerks office
# 22 EW 00034 18). Even after mishandling of the document,
the Court denied the Habeas Corpus for 'failure to state claims'
that I couldn't have known because of my repeated
denials for access to legal research, Nevada Revised Statutes,
and other legal case law or assistance (see numerous kiosk
requests). Even with direction from the First Judicial clerks
office telling me to "research Nevada Revised Statutes and
Nevada Rules of Civil Procedure" (letter from clerks office) the
named defendants denied me access or assistance of any kind.

Count Seven:

8.)    In an attempt to secure the 'Local Rules of Practice'
for the United States District Court, I used this Courts'
'screening order' issued on 6/10/2022 as guidence and
requested access to an adequate source of legal research,
www.leg.state.nv.us, or assistance from a trained
person, e-file access, etc. (kiosk # 119540 and 119167),

3 - I

Count Seven continued, page 3 - J

which was 'returned and ignored' or told, "see whoever
is helping me with my case" - which is a retaliatory statement
in nature because I've been in their custody for a year and
officers know that it is a fact I'm doing it myself. Carson
City Sheriffs Office through the defendants has repeatedly
informed me that "under current case law" they have no
obligation to provide any legal and if I choose to be Pro Per/
Pro Se, I accept that there is no "law library" and I can
not be Pro Per/Pro Se without Courts' order of stipulation
(page #13 - C.C.S.O. inmate rules). The named defendants
under color of law use the lack of Court stipulation (which
was among the request in the sought Court Order that was
denied based on jail restrictions) to withhold my personally
sourced legal research when/if it arrives, if they want
to. There is no "capability" unless it is allowed by the named
defendants. At one point in July 2022, SGT Speegle at
the direction of Captain Mays in the presence of Deputy
Locatelli, SGT Fry and numerous others in the "booking area"
told me that "I'm not allowed to get criminal research,
it has to be civil." "Access to the Courts" has to be rooted
in criminal, when that access is limited to "non-frivolous
criminal appeals, habeas Corpus, and 1983 actions", that's
the only conclusion there is. And C.C.S.O. disregards it
for there own spontaneous verbal mandates. The policies
and procedures that the defendants claim to enforce,
are arbitrary and only waived or enforced when it bennifits
the defendants.

3-J

Count Eight: page 3-k

<u>9.)</u>    Sometime between 11-14 days prior to 7/26/2022, a 'Pro Se' legal mailing of U.S. District Court 'R.O.P.', cited case-law (Lacey v Maricopa, McKeever v. Block, Neitzke v. Williams, Carroll v Toele, Rhodes v. Robinson, Bell Atl. Corp. v. Twombly as well as "multiple documents" from another inmates' case (#19CR00153 1B001) where F.J.D.C. used restrictions of legal research as well as lack of "points and authorities" a reasons to deny a Writ of Habeas Corpus (filed 11/21/2021, denied 1/26/2022). I also obtained emails from outside the jail to the F.J.D.C. clerks and operations supervisor stating their response of: "it is the responsibility of the jail for giving inmates access to legal needs.") from my initial screening order was sent (unknown to me at the time). On 7/22/2022 (kiosk #121135) I asked mail SGT. Bindley if I had any legal mail undelivered, or unauthorized, etc.. The reply was, "Shockingly seen nothing come through for you...". On 7/26/2022, I called a friend and was informed of a mailing. My freind checked the tracker info - and it indicated it was "refused as unwanted" at delivery. I submitted a kiosk request (#121397 - citing Ex Parte Hull and Younger v. Gilmore) and acknowledged it being resent, (and in request #121446 I provided the senders info and civil suit content) so there would be no confusion. On 7/26/2022, I filed a separate complaint (see kiosk #121313, #121315, #121320) for my legal correspondence from F.J.D.C. being delivered to me by another inmate in the unit due to officer mishandling. During a verbal interaction in the "booking area" with SGT. Bindley I requested remedy for that, and

3-k

Count Eight continued, page 3-L

then fully informed SGT Bindley about the "refused as unwanted"
Pro Se' legal mail being specific to my U.S. District Court civil
suit (Kiosk # 121446) and it being resent. During that verbal
interaction SGT Bindley stated (in response to the mail being refused),
"that's not how mail is handled here, maybe it was a volunteer."
I then provided SGT Bindley (as mail SGT) the senders name
on the legal mail so there would be no problems.

10.)    On the morning of 7/30/2022, I received an "unauthorized
mail" form listing my freind's sender information (and designated
"package ... unless clearly marked legal mail, will be returned to
sender") and the form stated mail was placed on my property.
In bold print the form stated, "do not ask staff ... or risk
disciplinary". I filed a grievance (#121487), and then next level
(#121722). I sought other attempts at informal resolution in Kiosk
(#121755, #121778, #121779) at which point the facility grievance
procedure was altered (by SGT Bindley) from its posted
procedure and I was provided no responses to document my
seeking resolution. There is a very specific procedure for
grievance posted in the inmate handbook including the
use of a certain paper form to request and document. SGT
Bindley stated "no paper form" and "submit complaint to be
forwarded" (see Kiosk #121722, #121851) – which is not the posted
procedure and makes me deficient in the P.L.R.A. requirements.
Actual Injury: Custody staff (including mail SGT) was fully in-
formed on legal content being support of 1983 action
against the jail. I made them aware of my previous filing
deadline prior to this to stay within "good faith" expectations

3-L

Count Eight continued, page 3 – M
of the "local experimentation" referenced in 'Lewis v. Casey'
and now I've been delayed, and then denied my legal research
in service of action against the jail, by (state actors)
employee (s) of the jail (second time this same legal
case law obstructed). If 'policy' was superior to impairment
and obstruction, the regardless of any inmate desire, SGT
Bindley would have stayed on policy and the "package" (as he
refers to it) would have been 'returned to sender' from the
point of delivery – which is different from "housing mail area" –
rather than placed on my property. SGT. Bindley withheld legal
mail, placing it on property so I could not have access to it
or have it re-mailed because it was for my 1983 action
against the named defendants and the jail. There is no
correctional goal here. This officer altered the posted policy
to delay and impair my civil rights complaint. He obstructed
information I needed for my F. A. C. and overall case.

## CLAIM 2

1. State the constitutional or other federal civil right that was violated: First Amendment – right against retaliation for protected conduct.

2. **Claim 2**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

   ☐ Basic necessities          ☐ Medical care              ☐ Mail

   ☐ Disciplinary proceedings   ☐ Exercise of religion      ☐ Property

   ☐ Access to the court        ☐ Excessive force by officer  ☑ Retaliation

   ☐ Threat to safety           ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: Sept 2021 – Dec 27, 2022.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 2. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

count one:

1). Following the withheld legal mail on 7/30/2022, there were numerous requests and grievance attempts resulting in no resolution or attempt at remedy by SGT. Bindley. On 8/5/2022 I was given 'Pro Se' legal mail (specific to this 1983 action – see #121724) that was opened outside my presence and was told it "was damaged in delivery" (though no documentation of delivery damage was listed in the delivery and tracker information – I'm in possession of those documents from the United States Postal Service) as stated by SGT Bindley. Another additional peice of 'Pro Se' legal mail specific to this action arrived on SGT Bindley's shift (tracker details) but was delayed delivery until 12/6/2022 (see #126053) and it was opened outside my presence, an officer informed me "Sarge said it came that way" – but no repair tape was on the U.S.P.S. envelope, nor damage note in U.S.P.S. tracker information. (The 10×15 flat rate U.S.P.S. envelope was not damaged, it was opened at the opening strip.) SGT Bindley took agressive actions against both of these legal mailings (clearly marked) and refused to conform to the posted grievance procedures after my repeated remedy actions sought for the legal mail he withheld (1983 research) on 7/30/2022. Between 7/30/2022 (date of denied 1983 research) and 11/29/2022, there was approximately 14 requests and grievances in relation to legal mail resolution, and

Count One continued, page 4-A

during that time 2 occurences of opened legal mail (1983 action) transpired. Through SGT Bindley's spontaneous change to the grievance procedure for me, he put me in jeopardy of being subjected to disciplinary (see posted grievance procedure: "submitting grievance on same or similar issue is a violation of the process and may be subjected to disciplinary actions") Having submitted grievance to remedy the legal mail issue (no resolution/changed grievance procedure) and being forced to stop submitting further grievances to limit my exposure (see #122021) to disciplinary was not adequate administration of my right to grievance.

Count Two:

2.) During the period of time I was filing my 'F.A.C.' I requested indigent (legal ruled) lined paper from commisary (John Doe') to prepare a 'supplemental information' filing in this case (see #121597) and was told "No- paper is not an indigent item". John Doe refused what is known to be an "affirmative obligation" so I was forced to trade food from my meals provided by the jail for my dietary requirements to get the needed paper for my filing in this civil rights complaint. That is not something I should have to have done to get my papers prepared. I was denied a necessary item to file my complaint under this case #. Retaliation: ① John Doe refused required paper ⑤ for no other reason than ③ I'm filing this 1983 action and ② because John Doe is named as a defendant ④ which obstructs my ability to exercise my protected conduct.

Count Three:

3.) On 9/11/2021, I filed a grievance (#108117) which was

4-A

Count Three continued, page 4-B

responded to by Housing Sergeant Rivera (I'm asking for my needed legal materials) saying "sent to comissary", but no action resulted. Multiple requests followed. On 9/13/2021, I filed another grievance (#108218) listing self representation, previous delay and being denied legal contact. Sgt Rivera asks "how I'm being denied legal contact", (with no attempt at resolution). In an attempt to point out the specific impacts of staff and facility policy I filed grievance (#108219) declaring the refusal of postage and envelope, causing me not to be able to file my own motions or communicate with the court (Second Judicial) are actions that are a violation of my rights to "legal", asking to "reconsider on legal grounds" and acting "Pro Per" - my own counsel. The response now by ①Rivera tells me I'm not being refused (yet at 3 weeks I'm still unable to mail out my legal filings), and the jail is under "no obligation", that I'm welcome to write correspondence. ②But per their own policies I've not been allowed to receive envelopes, postage, or any pen, paper or postcards. Then Rivera tells me that since I'm "④threatening staff and making allegations" - from that point I will be "ignored and returned" to me and emphasizing again, "The jail staff is not my legal team." ③There was no threats from me and ⑤I'm being refused grievance process "from that point". Every staff member is telling me I'm not being denied (#108283 - Sgt Hitch) and now I'm being "ignored and returned" via no response to grievance (#108285) just like Rivera said.

Count Four : page 4-C

<u>4.)</u>   On 7/30/2022, I submitted grievance for withheld legal mail specific to this 1983 action. In SGT Bindley's response to the complaint stating "per policy mail was placed on property." That is not the policy of the facility. The inmate handbook (as well as public website) states "packages, unless clearly marked "legal mail", will be returned to sender". That is the posted policy of the facility. [1] SGT Bindley altered policy to restrict my access to my legal research for my 1983 complaint in an act of retaliation [2] for asserting my right to remedy in the Courts. [3] He was fully informed that the content was specific to my civil rights filing [4] so by restricting my access by processing against the real policy I wouldn't have my proper research materials. [5] This could only have been to protect himself and other named defendants from my legal actions in this case, there was no legitimate penological goal in his personal action.

4-C

## CLAIM 3

1. State the constitutional or other federal civil right that was violated: _First Amendment_
_violation — protected speech_

2. **Claim 3**. Identify the issue involved. Check **only one**. State additional issues in separate claims.

☐ Basic necessities        ☐ Medical care            ☒ Mail

☐ Disciplinary proceedings ☐ Exercise of religion     ☐ Property

☐ Access to the court      ☐ Excessive force by officer ☐ Retaliation

☐ Threat to safety         ☐ Other: _____.

3. **Date(s) or date range** of when the violation occurred: _3/14/2022 – 4/28/2022_.

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim 3. Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

_count one_ 1) On 3/14/2022 I used an indigent "legal mail" envelope (issued by Commissary - defendant John Doe) to mail court filings to Second Judicial Court. (That mail contained papers related to a 'Request For Hearing' petition in case #CR18-2118) The clearly marked "legal mail" (front and back) was denied postage and returned to me. (See Kiosk #115578, #115580) There was no reason for that mail to be refused mailing, it was facility failure through mail room (SGT Bindley - mail SGT) to apply postage to the indigent envelope. I followed all procedures in the posted legal mail policy. This was denial of confidential legal communication with the Court.

2.) Count Two: On 4/1/2022, I mailed out (see Kiosk 116175) legal mail for Second Judicial Court in another indigent issued, addressed by "John Doe", of the same kind as the one that received "no postage" prior. This legal mail was processed per policy (searched, scanned visually (by officer), sealed by me infront of deputy, and given to him at that time for mailing. I have followed all procedures at that point, it's custodial responsibility beyond that. This was at 'Am' breakfast service (approx. 5:30 AM). It's a Friday morning. On Monday 4/4/2022 at (approx.) 4:30 AM, I was called to "booking area" for legal mail. SGT. Rivera processed and handed me two separate peices, one of these

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

Count Two continued, page 5-A

was a 4×9 letter envelope with a factory printed C.C.S.O., 911
Musser street return address on it. It had a metered stamp on
it (no U.S.P.S. cancellation ink) and was hand addressed to me.
When I removed the contents of the "Sheriff" envelope I found
my 'cover letter', the 'Request For Submission' form that I had
prepared and mailed to Second Judicial Court on ⁴/₄ 2022. In
addition to my papers an unknown jail staff had inserted a
"yellow stickem' note" with the words "NEEDS COURT FILING &
FORMA PAUPERIS" written on it in the same ink as the envelope
was addressed in. The contents of this envelope (minus the stickem
note) left my possession (in a Sheriffs hand) in a clearly marked
"legal mail" indigent envelope (not even the same kind) fully addressed
(and sealed) to Second Judicial Court on ⁴/₁/2022. This is my
confidential legal mail in a Sheriffs envelope being opened and
handed back to me by (then mail SGT) Rivera. My legal comm-
unications to the Court was opened outside my presence,
manipulated, and handed back to me without having been mailed.
(This is denial of protected speech.) I filed grievance (#116347,
#116349, #116394, #116395) resulting in no resolution and refused
second level appeal by unknown employee. This is an act facil-
itated in part by SGT Rivera and is a deprivation of my rights.
Count Three:

3.) On ⁴/₂₈/2022, I mailed out 4 envelopes (U.S.P.S.-postage
paid - 4×9 in size) through Housing Sergeant Speegle, all 4 were
clearly marked "legal mail" (1 to Washoe District Attorney, 1 to
Washoe Public Defender, 2 to Second Judicial Court) searched,
visually scanned by Speegle, sealed by me, and signed by

5-A

Count Three continued, page 5-B

SGT Speegle for mailing (his possession). In an attempt to reach the Court to cure a "notice of warrant issued" for failed transport by C.C.S.O. custody, I circumvented U.S.P.S. weight limits (of envelopes) by splitting my filing in half "1 of 2, 2 of 2" format. (Motion in 1 of 2, supporting exhibits in 2 of 2.) The other two envelopes contained long hand duplicates of 'request for submission' forms for other parties. On May 2, 2022, Second Judicial Court "filed stamped" '1 of 2' envelope and 9 pages of Motion/Brief and on May 3, 2022, the clerk mailed copies to me (including the original envelope) back, per their procedure. There was no '2 of 2' content. After waiting about 14 days with no '2 of 2' filed stamped copies, on 5/16/2022 I sent a legal inquiry via postcard to the clerk (Second Judicial) asking about this legal mail and filings. The cover letter accompanying '1 of 2' contained anticipation of a separate arrival and fully explained the issue of possible facility manipulation (based on previous legal mailing deceptions). At the same time I made verbal inquiries about the issue to SGT Speegle, and floor officers to check my property for any "lost" mail. On 6/1/2022, I got a response from my 5/16/2022 inquiry. Where in the Second Judicial Court returned documents I sought out. Inside the return was the original envelope which had been returned to C.C.S.O. (at the time of 4/28/2022 mailing) for "postage due" + .30¢ ink stamped on the envelope, but I was never notified and the clearly marked "legal mail" was not post marked/canceled stamped until 5/20/2022, but was mailed by SGT Speegle on 4/28/2022 fulfilling his obligation

5-B

Count Three continued, page 5-C

according to procedure. (The handling and failure of procedure occurred within the mail processing by SGT Rivera as mail sergeant at that time.) The envelope of '2 of 2' was stamped "recieved" by the Court on 5/23/2022, and was obviously adulterated to disguise the failed handling procedure. (There was an oversized postage stamp placed at a weird angle to hide the 'return for postage' marking from the post office and there are 2 layers of paper glued to the outside over the "postage due +.30¢" ink stamp from U.S.P.S.) Failed mailing, delay without notice, and blatant tampering of legal mail is denial of my right to protected speech. (Even my Carson Public Defenders investigator admitted she had never seen anything like it.) There is photographic evidence within my file for case # 21CR00222 1B (Charles Odgers -public defender), and I have the actual envelopes. (I'd show proof but am not allowed 'legal copies' due to custody) This is a real act by C.C.S.O. employee(s) acting under color of law to sheild responsibility. The investigator took the photos and her name is Margret Judge - Nevada Public Defenders Office, Carson City. (email: majudge@nspd.nv.gov) This is another act of obstruction of my legal communications which is protected speech. I do not attribute this act to SGT Speegle, who acted according to policy at time of mailing. This act was performed by incoming mail staff under SGT Rivera and/or SGT Bindley who are both acting under Captain Mays as their supervisor.

### E.   PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while incarcerated?     ☒ Yes     ☐ No  (STATE)

2.  Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. §
    1915(g)?          ☐ Yes          ☒ No

3.  If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are
    "under imminent danger of serious physical injury?"          ☐ Yes          ☐ No

### F.   REQUEST FOR RELIEF

I believe I am entitled to the following relief: *Jail to establish (indigent at moment) legal supply
and resource program for persons that request in legitimate need. In consideration of what I
could have succeeded if not denying my rights; monetary awards for —*

| | |
|---|---|
| *Lost income potential $47,942.00* | *I would ask the jury to award "damages"* |
| *Loss of property $29,900.00* | *against the loss of rights for a sum greater than* |
| | *$77,842.00* |
| *(Total Punitive:) 77,842.00* | |

I understand that a false statement or answer to any question in this complaint will subject me to
penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE
UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28
U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          *Chad Windham Mitchell*
(name of person who prepared or helped          (signature of plaintiff)
prepare this complaint if not the plaintiff)

                                        *Feb. 19, 2023*
                                        (date)

### ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form.  Your complaint may
not be more than 30 pages long.  It is not necessary to attach exhibits or affidavits to the complaint or any
amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and
claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages
long, you must file a motion seeking permission to exceed the page limit and explain the reasons that
support the need to exceed 30 pages in length.

6

Evidentiary Content For
Substantiation And Establishment
Of The Record And Preservation

**.phreys, Aleah**

| | |
|---|---|
| **From:** | Aleah Carstairs <aleahcarstairs1982@gmail.com> |
| **Sent:** | Wednesday, July 20, 2022 10:15 AM |
| **To:** | Humphreys, Aleah |
| **Subject:** | [EXTERNAL]Fwd: Whistle Blower |

**From:** Aleah Carstairs <aleahcarstairs1982@gmail.com>
**Date:** July 20, 2022 at 10:12:24 AM PDT
**To:** dpbh@health.nv.gov, treese@carson.org, c.odgers@nspd.nv.gov
**Subject: Whistle Blower**

To Whom It May Concern:
State Health Department
District Attorney's
Deputy Administrators

My name is Aleah Humphreys. I am a friend of Chad W. Mitchell 00024596, whom is incarcerated at the
Carson City Sherriff Office. This is to inform you of some very concerning events that have taken place at
the facility.

Verification of these events can be seen on video between 6/10/2022-6/27/2022.

Mr. Mitchell's ear was cut while getting haircut on or around 6/22/2022-6/24/2022 between 12-3pm.
Located in male housing unit.  Area MG1 Door- 3 cameras to view incident.
This is very concerning. The clippers are "cleaned" in-between use with nothing other than a dry
toothbrush. Concerning as to how many other inmates have been cut, as well as ones who have a
transferrable virus/ disease.
No cleaner or disinfectant available.
Showers cleaned after 10 days with 70+ inmates
A sewage smell coming from a drain located near food area that was covered with a rag and book to
block the smell.
No COVID Precautions.

If you have any questions that I may be able to answer please feel free to reach out to me 775-843-
6846.
Thank you for you attention to this very concerning matter.

Best Regards,
Aleah Humphreys

*SUPPORT FOR ALL COUNTS - 143*

**RESIDENT REQUEST REPORT**

Page    1 of    28

NEW  CCSO
01/04/2022 18:30
OPR  3491

| | | |
|---|---|---|
| P Number | : | 00024596 |
| Resident Name | : | MITCHELL, CHAD |

| | | |
|---|---|---|
| Request Type | : | ALL |
| Status | : | ALL |
| Time Frame | : | 12/01/2020  -  01/04/2022 |
| Sort By | : | Grievance Type |

---

**Request #    107612    COMMISSARY    CLOSED**

1    09/01/2021 11:51    RESIDENT
I NEED TO SEND LEGAL MAIL AND CANT WAIT FOR COMMISARY . IM REPRESENTING MYSELF AS PRO
PER. IS THERE A WAY TO GET POSTAGE ENVELOPE NOW?
2    09/02/2021 07:32    9724
UNFORTUNATELY NOT THROUGH COMMISSARY. THANK YOU

**Request #    110827    COMMISSARY    CLOSED**

1    11/16/2021 13:36    RESIDENT
MY INDEGINT REQUEST IS FOR 2 LEGAL MAILING ENVELOES AND I PROVIDED 2 ADDRESSES. THE
MAILINGS EED TO BE SENT AT SAME TIME DUE TO PROOF OF SERVICE FORMS. AM I GOING TO GET
BOTH ENVELOES?? PLEASE.
2    11/16/2021 13:44    9724
UNFORTUNATELY THE SYSTEM WILL ONLY ALLOW 1 ENVELOPE A WEEK. THERE IS NOTHING I CAN DO THE
SYSTEM IS SET UP THIS WAY AND THAT IS THE WAY IT IS. THANK YOU

**Request #    112056    COMMISSARY    CLOSED**

1    12/21/2021 20:22    RESIDENT
I NEED TO SEND LEGAL FILING IN EXCESS OF 30 PAGES AND NEED TO KNOW HOW TO GET MANILLA
ENVELOE? IT ALL HAS TO GO TOGETHER. IT IS A PRO.PER. FILING ON MY OWN BEHALF.
2    12/22/2021 08:21    9724
UNFORTUNATELY COMMISSARY DOES NOT HAVE MANILLA ENVELOPES AT ALL. PER POLICY YOU WOULD
NEED TO SPEAK TO YOUR ATTORNEY. MAYBE SPEAK TO A DEPUTY. THANK YOU



Case 3:22-cv-00159-MMD-CSD   Document 19  Filed 06/30/22   Page 16 of 17

*SUPPORT FOR ALL COUNTS*
*— 2 of 3*

GT                                    Page    9 of    28

## RESIDENT REQUEST REPORT

NEW  CCSO
01/04/2022 18:30
OPR  3491

| | | |
|---|---|---|
| P Number | : | 00024596 |
| Resident Name | : | MITCHELL, CHAD |

| | | |
|---|---|---|
| Request Type | : | ALL |
| Status | : | ALL |
| Time Frame | : | 12/01/2020  –  01/04/2022 |
| Sort By | : | Grievance Type |

| Request # | 108219 | INMATE COMPLAINT | CLOSED |
|---|---|---|---|

1     09/13/2021 19:14     RESIDENT
BY REFUSING ME MY ALLOWED POSTAGE AND LEGAL ENVELOPES FOR FILING MOTIONS IN THE
COURTS.THIS IS A VIOLATION OF MY RIGHT TO LEGAL COMMUNICATIONS  AS ITPERTAINSTO ME  BEING
PRO PER. MY OWN COUNSEL.I ASK YOU TO RECONSIDER ON LEGAL GROUNDS.THANKYUO

2     09/13/2021 22:08     3363

Mr. Mitchell

No one is refusing your any envelopes or postage.  The jail staff is not your legal
staff, nor is the jail under any obligation to hop to every time you ask for something.
You are welcome to have legal visits with counsel and to write correspondence that is
dropped off to the US Postal Service.  The same goes for legal phone calls.

For you to threaten the staff and to make allegations will from this point be ignored and
returned to you.  The jail staff is not your legal team.

Sergeant Rivera

| Request # | 108400 | MEDICAL/ DENTAL  / DR. VISIT | CLOSED |
|---|---|---|---|

1     09/17/2021 08:37     RESIDENT
I SAW OFICER WITEHAED ON MY MAN DOWN AND THEN 2 DAYS PASSED  TODAY SHOULD BE MY 10 DAYS.
BUT IN THE END YOU HAVE THE  MEDICL AUTHORITY. NO ONE HAS EVEN CHECKED ON MY SYMPTOMS OR
TEMP. DURIRING MY TIME INISOLATION.LIKE I SAID.IT JUST SEEMS RETALITORY AT THIS PONT AS I
INDICATED THIS IS 3 DAYS NO MEDS. 10 DAYS OF FIRST NOTIFICATION. PLEASE SCREEN MY TEMP AND
RELESE ME.THNKS

2     09/17/2021 14:00     6576

stop asking

| Request # | 106679 | MISC | CLOSED |
|---|---|---|---|

1     08/11/2021 14:21     RESIDENT
IM SEEKING TO CONTACT ADA NICHOLAS GRAHM IN RENO DA OFFICE

2     08/12/2021 18:53     6576

don't have info

| Request # | 108058 | MISC | CLOSED |
|---|---|---|---|

1     09/10/2021 13:23     RESIDENT
I NEED TO MAKE A POLICE REPORT ABOUT MY STORAGE BEING ROBBED.

2     09/12/2021 11:58     6544
You have to wait until you are out of custody. You may file your report next door at the
Administration Department.

| Request # | 109010 | MISC | CLOSED |
|---|---|---|---|

1     10/01/2021 15:55     RESIDENT
I NEED TO GET 7757732549 POSTED FOR FREE CALL. THIS IS  IT STALLINGS INVESTACATOR FOR

GT

**RESIDENT REQUEST REPORT**                                          Page    23  of    28

NEW  CCSO
01/04/2022 18:30
OPR  3491

| P Number | : | 00024596 |
|---|---|---|
| Resident Name | : | MITCHELL, CHAD |

| Request Type | : | ALL |
|---|---|---|
| Status | : | ALL |
| Time Frame | : | 12/01/2020  —  01/04/2022 |
| Sort By | : | Grievance Type |

2        10/03/2021 23:59      6736
         talk to your public defender for court information on other cases

---

**Request #     109011      MISC                              CLOSED**

1        10/01/2021 16:06      RESIDENT
         SEE KITE 9.30.21 AT 1350...I KNOW THIS IS CRIMINAL AND IT WAS DONE BY 3 PEOPLE  AFTER MY
         ARESST .THERE IS ITEMS IN THE THEFT MENT FOR EVIDENCE IN RENO .PLEASE SEE ME ABOUT THIS
         OR SEND ME A PAPER POLICEREPORT.TO FILL OUT. PUBLIC SAFTEY ISSUES....
2        10/01/2021 19:05      6576
         not understanding what you are asking

                                                     CLOSED

---

**Request #     109041      MISC                              CLOSED**

1        10/02/2021 15:53      RESIDENT
         CAN I GET 7753864549 POSTED TO MY ALLOWED FREE CALL LIST? THIS NUMBER IS ATTACHED TO
         DETECTIVE ROSSMUSSAN OUT OF RENO WASHOE COUNTY
2        10/03/2021 23:58      6736
         we do not add numbers

---

**Request #     110721      MISC                              CLOSED**

1        11/13/2021 14:13      RESIDENT
         I NEED TO GET 2 LEGAL COPIES MADE FOR MAILING TO NEVADA STATE BAR. IS THERE AN AVENUE TO
         GET THIS DONE? MY P.D. WONT ASSIST ME.?
2        11/13/2021 17:59      6744
         tHE ONLY WAY WOULD BE THROUGH YOUR PUBLIC DEFENDER

