**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHAD WINDHAM MITCHELL, | Case No.: 3:22-cv-00159-MMD-CSD |
| Plaintiff, | **ORDER** |
| v. | Re: ECF No. 86 |
| CARSON CITY SHERIFF'S OFFICE, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's Motion for Reconsideration of Appointment of Counsel. (ECF No. 86.) Plaintiff seeks reconsideration of this court's order of February 12, 2024 (ECF No. 69), which denied Plaintiff's motion for appointment of counsel.[1] Plaintiff's rationale for such is that he is currently housed in a "conversation camp" where there is no law library access. Plaintiff further states that his case "has grown in complexity" since his initial filing and that he has endured "multiple denials of access" because of custodial agents. (*Id.* at 5, 7.)

As the court has previously explained to Plaintiff, while any *pro se* inmate such as Mr. Mitchell would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

---

[1] On February 21, 2024, Plaintiff filed an objection to the court's order denying appointment of counsel. (ECF No. 74.) On March 8, 2024, Chief District Judge Du overruled Plaintiff's objection. (ECF No. 80.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Despite Plaintiff's characterization of this action as being complicated, the substantive claims involved in this action are not unduly complex. Plaintiff's Revised Second Amended Complaint was allowed to proceed on the First Amendment claim for retaliation against Defendants Sergeant Rivera, commissary employee John Doe, and Sergeant Bindley, and on the First Amendment claim regarding legal mail against Defendants Sergeant Rivera and Sergeant Bindley. (ECF No. 26 at 13.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Reconsideration of Appointment of Counsel (ECF No. 86).

**IT IS SO ORDERED.**

Dated: April 18, 2024.

_____
Craig S. Denney
United States Magistrate Judge